**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK SURVANCE** | ) | **CIVIL ACTION** |
| **133 MAIN COURT** | ) | |
| **CANAL FULTON, OH 44614-1043,** | ) | **JUDGE** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| **HEALTHCARE SERVICES GROUP,** | ) | |
| **INC.** | ) | |
| **c/o Statutory Agent, CSC-Lawyers** | ) | |
| **Incorporating Service** | ) | |
| **50 WEST BROAD STREET, SUITE 1800** | ) | |
| **COLUMBUS, OH 43215,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**THE OHIO ACT AND SPOLIATION OF EVIDENCE**

The Plaintiff, Mark Survance (hereby referred to as the "Plaintiff" or "Mr. Survance"), brings this action against Defendant Healthcare Services Group, Inc. (hereby referred to as "HCSG" or "Defendant") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq*., the statutes and common law of the State of Ohio.  Plaintiff alleges and complains as follows:

<u>**JURISDICTION AND VENUE**</u>

1.  The Court has federal question jurisdiction over this lawsuit pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. §1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as all, or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this court's jurisdiction.

## PARTIES

4. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 3, inclusive herein above.

5. Mr. Survance is a resident of Stark County over the age of 18 and subject to the jurisdiction of this Court.

6. HCSG is a Pennsylvania Corporation for Profit, conducts business operations within Summit County, Ohio, and is subject to the jurisdiction of this Court. The Defendant provides housekeeping and laundry services as an alleged independent contractor to various healthcare facilities nationwide.

## STATEMENT OF THE FACTS

7. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 6, inclusive herein above.

8. At all times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d) and O.R.C. §4111.01, *et seq*.

9. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §203(e), O.R.C. 4111.01, *et seq*. and Article II, §34(a) of the Ohio Constitution.

10. At all times relevant hereto, Defendant had annual sales in excess of $500,000.00 and was an enterprise within the meaning of 29 U.S.C. §203(r) and O.R.C. §4111.01, *et seq*.

11. At all times relevant hereto, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

12. Plaintiff was employed with the Defendant from January 18, 2015 through May 16, 2015.

13. Upon accepting employment with the Defendant, Plaintiff was promised a job in which the majority of his time would be spent doing clerical operations (hiring, in-servicing, evaluations, quality control inspections, payroll, scheduling, all of the foregoing with minimal manual labor).  Further, Defendant advised the Plaintiff that he would have a nine (9) week training period, during which he would be compensated at Twelve Dollars and 50/100 Cents ($12.50) per hour, with time-and-a half overtime pay for every hour worked over forty (40) hours.

14. On paper, Plaintiff's training period lasted from January 18, 2015 through February 21, 2015.  However, he was only actually trained for the three day period of January 21st through January 23, 2015.

15. Plaintiff's District Manager, Joshua Pomeroy, changed Plaintiff's compensation to a salaried rate from an hourly rate without informing Plaintiff and without his consent.  Plaintiff's salary was $32,000.00 per year beginning February 21, 2015.  Plaintiff's annual salary increased to $35,000.00 per year for the week beginning May 10, 2015, his last week of employment with the Defendant.

16. Plaintiff's location of employment was Wyant Woods Care Center in Summit County Ohio, more specifically, at 200 Wyant Road, Akron, OH 44313.

17. Plaintiff worked approximately 85 to 105 hours per week during his employment with the Defendant.  His primary duty was manual labor which left little time (if any) for clerical or management work.

18. Defendant improperly characterized Plaintiff as overtime exempt for the time period of February 21, 2015 through May 16, 2015.

19. Defendant willfully engaged in a scheme to deprive the Plaintiff of his overtime compensation and Plaintiff was assigned tasks by his District Manager (his direct supervisor) that were primarily non-administrative manual labor tasks.

20. During the time period of January 18, 2015 through February 21, 2015, Plaintiff worked overtime and was properly paid overtime.

21. Due to chronic understaffing in job locations where the Plaintiff worked, Plaintiff performed most, if not all of the manual labor duties and had no control over the staffing levels.  The building where the Plaintiff worked was in poor condition, which increased the Plaintiff's manual labor, and often required Plaintiff to strip and wax floors for fourteen (14) hours per day.

22. For the pay period of February 22, 2015 through February 28, 2015, Plaintiff worked approximately 84 hours.

23. For the pay period of March 1, 2015 through March 7, 2015, Plaintiff worked approximately 105 hours.

24. For the pay period of March 8, 2015 through March 14, 2015, Plaintiff worked approximately 72 hours.

25. For the pay period of March 15, 2015 through March 21, 2015, Plaintiff worked approximately 83 hours.

26. For the pay period of March 22, 2015 through March 28, 2015, Plaintiff worked approximately 80 hours.

27. For the pay period of March 29, 2015 through April 4, 2015, Plaintiff worked approximately 98 hours.

28. For the pay period of April 5, 2015 through April 11, 2015, Plaintiff worked approximately 98 hours.

29. For the pay period of April 12, 2015 through April 18, 2015, Plaintiff worked approximately 121 hours.

30. For the pay period of April 19, 2015 through April 25, 2015, Plaintiff worked approximately 112 hours.

31. For the pay period of April 26, 2015 through May 2, 2015, Plaintiff worked approximately 112 hours.

32. For the pay period of May 3, 2015 through May 9, 2015, Plaintiff worked approximately 72 hours.

33. For the pay period of May 10, 2015 through May 16, 2015, the Plaintiff worked on May 10th and May 11th for a total of approximately 24 hours.

34. The Plaintiff has approximate damages for failure to receive overtime of $13,800.00, and due to the fact that the Defendant was aware of its failure to pay overtime and the Plaintiff should have properly been characterized as non-exempt, the Plaintiff's damages amount should be doubled as liquidated damages under 29 U.S.C. §260, for total damages of $27,600.00 due and payable to the Plaintiff.

35. For many of the weeks worked by Plaintiff, namely, the weeks beginning March 1st, March 29th, April 5th, April 12th, April 19th and April 26, 2015, the Plaintiff was not paid the Federal Minimum Wage of $7.25 per hour.  In addition to the foregoing weeks, the weeks of February 22nd and March 22nd the Plaintiff was not paid the State of Ohio minimum wage of $8.10 per hour.

36. Plaintiff was required to volunteer outside the workplace by the Defendant as part of his job duties with Defendant and was not compensated for this time in which he was under Defendant's direction and control.

37. Plaintiff's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise, as defined and required by the FLSA.

38. Plaintiff did not have the authority to hire or fire other employees, and the Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was not given particular weight by the Defendant, as defined and required by the FLSA.

39. Plaintiff did not customarily or regularly supervise the work of two (2) or more employees no was Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given any particular weight whatsoever.

40. Plaintiff does not qualify for the executive or administrative exemption of the FLSA.

41. The FLSA requires employers to create and keep precise time records of all times worked by the Plaintiff as well as his records of wages and employment practices and such time records do not exist.  Absent the Defendant keeping such records, the

Plaintiff is permitted to submit his information about the number of hours worked and estimates this time and wage at $15,000.00, plus liquidated damages.

## COUNT I.

### Violation of the Fair Labor Standards Act ("FLSA")

42. The Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 41 inclusive herein above.

43. Defendant is an employer covered by the overtime requirements set forth in the FLSA and Plaintiff was a non-exempt employee for purposes of 29 U.S.C. §207.

44. During the relevant time periods set forth in this Complaint, Defendant violated the FLSA with respect to the Plaintiff by failing to pay Plaintiff the legally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek. Defendant also failed to pay the Plaintiff the mandated minimum wage of $7.25 per hour.

45. Plaintiff does not qualify for an exemption from the overtime obligations under the FLSA.

46. During the entirety of Plaintiff's employment with the Defendant, Defendant knew that Plaintiff is not exempt from the minimum wage and overtime obligations imposed by the FLSA and Defendant willfully withheld and failed to properly pay overtime compensation despite such knowledge.

47. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff is not exactly known at this time, as many of the records necessary to make such calculations are in Defendant's possession (or not kept by the

Defendant), but Plaintiff estimates at $15,000.00, with liquidated damages, $30,000.00 due and owing to Plaintiff.

48. No time records exist for Plaintiff during the time period of February 22, 2015 through May 16, 2015, and Plaintiff has set forth his best estimate of the hours worked by him for that time period.

49. Defendant's failure to pay Plaintiff overtime compensation as well as minimum wage for all hours worked is not based on good faith or any other reasonable grounds. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to liquidated damages in an amount equal to the compensation and/or overtime he has not already been paid.

50. Plaintiff has been required to file this action as a result of Defendant's illegal actions of failing to pay Plaintiff the proper compensation. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 29 U.S.C. §216(b) in addition to $27,600.00.

## COUNT II.

### O.R.C. §4111.10(A), §4111.13, and §4111.99 Violations

51. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 49, inclusive herein above.

52. No time records exist for Plaintiff during the time period of February 22, 2015 through May 16, 2015, and Plaintiff has set forth his best estimate of the hours worked by him for that time period.

53. Under O.R.C. §4111.13(C), no employer shall pay or agree to pay wages at a rate less than the rate applicable under sections 4111.01 to 4111.17 of the Revised Code. Each week or portion thereof for which the employer pays any employee less than the rate

applicable under those sections constitutes a separate offense as to each employer. Further, no employer shall otherwise violate sections 4111.01 to 4111.17 of the Revised Code, or any rule adopted thereunder. Each day of violation constitutes a separate offense.

54. Defendant has violated O.R.C. §4111.10(A) for its failure to pay Plaintiff in accordance with §4111.03(A), which is an overtime wage at a rate of 1.5 times the Plaintiff's regular rate of pay in excess of forty (40) hours per week.

55. Defendant's failure to pay Plaintiff in a timely manner was a violation of Ohio Minimum wage under Title 41 of the revised code including, but not limited to, §4111.03 for the weeks worked by the Plaintiff for which he has not been compensated following thirty (30) days after his scheduled payday.

56. The Plaintiff is due $15,000.00, plus liquidated damages of $15,000.00, totaling $30,000.00, plus interest, costs and attorney fees as may be permitted by the Court under O.R.C. §4111.10(A).

## COUNT III.

### O.R.C. §4113.15 and §4113.99 Violations

57. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 55, inclusive herein above.

58. No time records exist for Plaintiff during the time period of February 22, 2015 through May 16, 2015, and Plaintiff has set forth his best estimate of the hours worked by him for that time period.

59. The Defendant has failed to properly pay Plaintiff his semimonthly payment of wages in accordance with §4113.15 of the Ohio Revised code, because proper overtime

wages have not been paid to Plaintiff in a timely manner.  As a result, six (6) percent of the amount owed to the Plaintiff should be paid by the Defendant as liquidated damages.

60. As a result of the foregoing, Plaintiff is due $15,000.00, plus $15,000.00 as liquidated damages, totaling $30,000.00, plus statutory interest, plus six percent liquidated damages of amounts owed to the Plaintiff that are greater than thirty (30) days overdue from the scheduled payday.

## COUNT IV.

### Spoliation of Evidence

61. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 59 inclusive herein above.

62. Upon information and belief, Plaintiff believes records in reference to his employment were intentionally destroyed by Defendant subsequent to his separation of employment on or about May 16, 2015.  The destruction of such possible relevant evidence in this case has disrupted the Plaintiff's case and has caused the Plaintiff damage.

63. Upon information and belief, Defendant, through its agents, was aware, prior to the destruction of the relevant evidence, that Plaintiff had concerns about his overtime compensation and improper characterization as an exempt employee for purposes of overtime compensation.  Defendant knew or should have known Plaintiff's concerns would lead to litigation.

64. As a direct result of Defendant's conduct, Plaintiff has suffered injury and other damages in an amount exceeding Twenty-Five Thousand Dollars and 00/100 ($25,000.00).

**WHEREFORE**, Plaintiff requests the following relief against Defendant:

1.  On Count I of the Complaint, unpaid overtime and liquidated damages in the amount of $30,000.00 plus costs, interest and attorney fees;

2.  On Count II of the Complaint, unpaid overtime and liquidated damages in the amount of $30,000.00 plus costs, interest and attorney fees,

3.  On Count III of the Complaint, six (6) percent liquidated damages on any amount more than thirty (30) days overdue; and

4.  On Count IV of the Complaint, damages in an amount in excess of $25,000.00, plus interest and costs.

Respectfully Submitted,

By:____/s/ James J. Collum_____
James J. Collum (#0070985)
Crescent Pointe Building
4774 Munson Street NW, Suite 400
Canton, OH 44718-3634
Phone: (330) 494-4877
Fax:    (330) 433-1313
e-mail: jcollum@collumlawoffice.com

By:____/s/ Cortney R. Oren Morgan___
Cortney R. Oren Morgan (#0076782)
Crescent Pointe Building
4774 Munson Street NW, Suite 401
Canton, OH 44718-3634
Phone: (330) 966-5389
Fax:    (330) 915-4803
e-mail: cortney@navigatelifeohio.com

Attorneys for the Plaintiff Mark Survance

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to Counts I, II, III and IV of this Complaint.

_____/s/ James J. Collum_____

James J. Collum (#0070985)

Attorney for the Plaintiff Mark
Survance

C:215-1655:complaint.6.19.15