# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK SURVANCE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 5:15-cv-01233-SL |
| | : | |
| v. | : | |
| | : | |
| HEALTHCARE SERVICES GROUP, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Healthcare Services Group, Inc., ("HSG"), by its attorneys, responds to the Complaint filed by Plaintiff, Mark Survance ("Survance"), according to the numbered paragraphs therein, as follows:

## JURISDICTION AND VENUE

1. The allegation in Paragraph 1 states a conclusion of law to which no response is required.

2. The allegations in Paragraph 2 state conclusions of law to which no response is required.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required.

## PARTIES

4. HSG repeats and re-alleges its responses to Paragraphs 1 through 3 of the Complaint as if set forth at length herein.

5. Admitted in part, denied in part.  HSG admits that Survance is over the age of 18.  HSG lacks sufficient knowledge or information to form a belief as to Survance's residence, and, therefore, HSG denies that allegation.  The allegation that Survance is subject to this Court's

jurisdiction is a conclusion of law to which no response it required.  By way of further response, HSG does not challenge this Court's jurisdiction.

6. Admitted in part, denied in part.  HSG denies the characterization that it is an "alleged" independent contractor.  To the contrary, HSG is an independent contractor with each facility to which it provides services.  The allegation that HSG is subject to this Court's jurisdiction is a conclusion of law to which no response it required.  By way of further response, HSG does not challenge this Court's jurisdiction.  HSG admits the remaining allegations in Paragraph 6.

## STATEMENT OF FACTS

7. HSG repeats and re-alleges its responses to Paragraphs 1 through 6 of the Complaint as if set forth at length herein.

8. The allegations in Paragraph 8 state conclusions of law to which no response is required.

9. The allegations in Paragraph 8 state conclusions of law to which no response is required.

10. HSG admits only that, during Survance's employment, it had annual sales in excess of $500,000.00.  The remaining allegations state a conclusion of law to which no response is required.

11. The allegations in Paragraph 11 state conclusions of law to which no response is required.

12. Denied.  Survance was employed by HSG from January 26, 2015 through May 11, 2015.

13. Admitted in part, denied in part.  HSG admits that Survance was told that the majority of his time would be spent performing managerial tasks, including, but not limited to, the tasks listed in Paragraph 13.  HSG admits that Survance was told he would be paid time-and-a-half for all hours worked in a workweek over 40 during a training period.  HSG denies the

2

characterization of all Survance's managerial tasks as simply "clerical" and denies that Survance was "promised" anything.  HSG denies the remaining allegations in Paragraph 13.

14. Denied.  The allegation that Survance's training period lasted "on paper" from January 18, 2015 to February 21, 2015 is vague and incapable of response as phrased.  HSG denies the remaining allegations in Paragraph 14.

15. Admitted in part, denied in part.  HSG admits that Survance's salary was $32,000.00 per year beginning February 22, 2015 and that Survance's salary increased to $35,000.00 per year effective May 3, 2015.  HSG further admits that Pomeroy changed Survance's compensation method from hourly to salaried upon the completion of Survance's training to be a manager.  HSG denies that Pomeroy did not inform Survance of the change and that Survance did not consent to the change in the compensation method.  To the contrary, Survance knew when he accepted the position that, upon the completion of his training, he would be paid on a salaried basis.

16. Admitted.  By way of further response, Survance also completed some of his training at the Arbors of Fairlawn.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Admitted in part, denied in part.  HSG admits that the building in which Survance worked when he became an Account Manager was initially in poor condition, as HSG had just acquired the contract.  The allegation that the condition of the facility "increased the Plaintiff's

3

characterization of all Survance's managerial tasks as simply "clerical" and denies that Survance was "promised" anything.  HSG denies the remaining allegations in Paragraph 13.

14. Denied.  The allegation that Survance's training period lasted "on paper" from January 18, 2015 to February 21, 2015 is vague and incapable of response as phrased.  HSG denies the remaining allegations in Paragraph 14.

15. Admitted in part, denied in part.  HSG admits that Survance's salary was $32,000.00 per year beginning February 22, 2015 and that Survance's salary increased to $35,000.00 per year effective May 3, 2015.  HSG further admits that Pomeroy changed Survance's compensation method from hourly to salaried upon the completion of Survance's training to be a manager.  HSG denies that Pomeroy did not inform Survance of the change and that Survance did not consent to the change in the compensation method.  To the contrary, Survance knew when he accepted the position that, upon the completion of his training, he would be paid on a salaried basis.

16. Admitted.  By way of further response, Survance also completed some of his training at the Arbors of Fairlawn.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Admitted in part, denied in part.  HSG admits that the building in which Survance worked when he became an Account Manager was initially in poor condition, as HSG had just acquired the contract.  The allegation that the condition of the facility "increased the Plaintiff's

3

manual labor" is vague and incapable of response as phrased. HSG denies the remaining allegations in Paragraph 21.

22. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and, therefore, HSG denies the allegations.

23. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and, therefore, HSG denies the allegations.

24. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and, therefore, HSG denies the allegations.

25. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and, therefore, HSG denies the allegations.

26. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and, therefore, HSG denies the allegations.

27. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and, therefore, HSG denies the allegations.

28. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and, therefore, HSG denies the allegations.

29. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and, therefore, HSG denies the allegations.

30. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and, therefore, HSG denies the allegations.

31. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and, therefore, HSG denies the allegations.

32. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and, therefore, HSG denies the allegations.

33. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and, therefore, HSG denies the allegations.

34. Denied. The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. Denied.

36. Denied.

37. Denied. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

38. Denied. The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. Denied.

40. Denied. The allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. Denied. HSG denies that it owes Survance $15,000.00 plus liquidated damages, or any other amount. The remaining allegations in Paragraph 41 state legal conclusions to which no response is required.

## COUNT I
**Violation of the Fair Labor Standards Act ("FLSA")**

42. HSG repeats and re-alleges its responses to Paragraphs 1 through 41 of the Complaint as if set forth at length herein.

5

SL1 1378495v1 104212.00330

32. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and, therefore, HSG denies the allegations.

33. Denied. HSG lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and, therefore, HSG denies the allegations.

34. Denied. The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. Denied.

36. Denied.

37. Denied. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

38. Denied. The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. Denied.

40. Denied. The allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. Denied. HSG denies that it owes Survance $15,000.00 plus liquidated damages, or any other amount. The remaining allegations in Paragraph 41 state legal conclusions to which no response is required.

## COUNT I
**Violation of the Fair Labor Standards Act ("FLSA")**

42. HSG repeats and re-alleges its responses to Paragraphs 1 through 41 of the Complaint as if set forth at length herein.

43. The allegations in Paragraph 43 state conclusions of law to which no response is required.  To the extent that a response is deemed required, HSG denies that Survance was a non-exempt employee when he was an Account Manager.

44. Denied.  The allegations in Paragraph 44 state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

45. Denied.  The allegations in Paragraph 45 state conclusions of law to which no response is required.

46. Denied.  The allegations in Paragraph 46 state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

47. Denied.  HSG denies that it owes Survance any amount in connection with this lawsuit.

48. Admitted in part, denied in part.  HSG admits that no time records exist for Plaintiff for the time period of February 22, 2015 through May 16, 2015.  HSG lacks sufficient knowledge or information regarding whether Survance has set forth his best estimate of the hours he worked during that time period.  HSG denies that Survance worked the number of hours he alleges during that time period.

49. Denied.  The allegations in Paragraph 49 state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50. Denied.  The allegations in Paragraph 50 state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**COUNT II**
**O.R.C. § 4111.10(A), § 4111.13, and § 4111.99 Violations**

51. HSG repeats and re-alleges its responses to the Paragraphs 1 through 50 of the Complaint as if set forth at length herein.

52. Admitted in part, denied in part.  HSG admits that no time records exist for Survance for the time period of February 22, 2015 through May 16, 2015.  HSG lacks sufficient knowledge or information regarding whether Survance has set forth his best estimate of the hours he worked during that time period.  HSG denies that Survance worked the number of hours he alleges during that time period.

53. The allegations in Paragraph 53 state conclusions of law to which no response is required.

54. Denied.  The allegations in Paragraph 54 state conclusions of law to which no response is required.

55. Denied.  The allegations in Paragraph 55 state conclusions of law to which no response is required.

56. Denied.  The allegations in Paragraph 56 state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III
### O.R.C. § 4113.15 and § 4113.99 Violations

57. HSG repeats and re-alleges its responses to the Paragraphs 1 through 56 of the Complaint as if set forth at length herein.

58. Admitted in part, denied in part.  HSG admits that no time records exist for Plaintiff during the time period of February 22, 2015 through May 16, 2015.  HSG lacks sufficient knowledge or information regarding whether Survance has set forth his best estimate of the hours he worked during that time period.  HSG denies that Survance worked the number of hours he alleges during that time period.

59. Denied.  The allegations of Paragraph 59 state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

7

60. Denied.

## COUNT IV
### Spoliation of Evidence

61. HSG repeats and re-alleges its responses to the Paragraphs 1 through 60 of the Complaint as if set forth at length herein.

62. Denied. HSG lacks sufficient knowledge or information to form a belief as to what Survance believes. HSG denies that any records were intentionally destroyed.

63. Denied. HSG lacks sufficient knowledge or information to form a belief as to what Survance believes. HSG denies that any records were intentionally destroyed.

64. Denied.

The allegations following Paragraph 64 set forth a demand for relief to which no response is required. To the extent that a response is deemed required, HSG denies that it is liable to Survance and further denies that Survance is entitled to any relief or damages from HSG in this lawsuit.

### AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, HSG sets forth the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

HSG acted at all times in good faith in attempting to comply with its obligations under the FLSA and the Ohio Revised Code. Accordingly, liquidated damages are not available or warranted.

8

**THIRD DEFENSE**

Without assuming the burden of proof, any violation of the FLSA or the Ohio Revised Code by HSG (which is denied) was not willful, and therefore all claims are limited to a two year limitations period calculated from the date Survance filed suit.

**FOURTH DEFENSE**

Some of the activities for which Survance seeks compensation were not "work" within the meaning of the FLSA or the Ohio Revised Code.  The activities were not integral and indispensable to the principal activities of HSG and/or were taken for Survance's own convenience.

**FIFTH DEFENSE**

At all times relevant to this action, Survance was exempt from overtime compensation pursuant to 29 U.S.C. § 213(a) and the Ohio Revised Code because he was employed by HSG in a bona fide executive and/or administrative capacity.

WHEREFORE, HSG respectfully requests that this Court enter judgment in favor of HSG and against Survance, dismiss the Complaint in its entirety and award HSG all costs and expenses incurred in defending this action, including interest and attorneys' fees.

>                    By: /s/Tod T. Morrow
>                        Tod T. Morrow (0042367)
>                        Jonathan D. Decker (0089638)
>                        Morrow & Meyer, LLC
>                        6269 Frank Ave. NW
>                        North Canton, OH 44720
>                        Telephone: (330) 433-6000
>                        Facsimile: (330) 433-6993
>                        tmorrow@morrowmeyer.com
>                        jdecker@morrowmeyer.com

        Kenneth D. Kleinman
        (to be admitted *pro hac vice*)
        Stevens & Lee, P.C.
        1818 Market Street, 29th Floor
        Philadelphia, PA 19103
        (215) 751-1946
        kdk@stevenslee.com

        Brad M. Kushner
        (to be admitted *pro hac vice*)
        Stevens & Lee, P.C.
        1818 Market Street, 29th Floor
        Philadelphia, PA 19103
        (215) 751-2874
        bmk@stevenslee.com

        Attorneys for Defendant,
        Healthcare Services Group, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 10, 2015, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                 /s/Tod T. Morrow

HCSG Survance Answer of Defendant 8-10-15

SL1 1378495v1 104212.00330