UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SURVANCE, | ) | CASE NO.  5:15CV1233 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HEALTHCARE SERVICES GROUP, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' Joint Motion for Final Approval of Settlement Agreement, which seeks the Court's approval of a settlement agreement resolving the plaintiff's claims filed under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and state law. (Doc. No. 16.) For the reasons that follow, the settlement is approved and the parties' joint motion is granted.

**I. BACKGROUND**

In this action, filed June 19, 2015, plaintiff Mark Survance ("plaintiff" or "Survance") sought to recover wages alleged to have been earned by him and owed to him by his former employer, defendant Healthcare Services Group, Inc. ("defendant" or "HSG"). (Doc. No. 1 (Complaint ["Compl."]) ¶¶ 19, 34, 44.) In its answer, defendant denied that plaintiff was entitled to any additional wages, and further denied that it violated the FLSA or state law. (Doc. No. 6 (Answer ["Ans."]) ¶¶ 34, 44 .)

On September 18, 2015, the Court conducted a telephonic Case Management Conference with counsel. (September 18, 2015 Minutes.) During the conference, the Court explored with counsel the possibility of settlement, and counsel agreed to continue informal settlement discussions without the Court's assistance. (*Id*.)

On October 6, 2015, the parties filed a Joint Motion for Approval of Settlement Agreement, and appended a copy of the settlement agreement to the motion. (Doc. No. 16-2 (Settlement Agreement ["SA"]).)

## II.  APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty Gov*., Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal

district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[1] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

---

[1] In class actions, of which this case is not, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Plaintiff maintained that he was promised a position "in which the majority of his time would be spent doing clerical operations (hiring, in-servicing, evaluations, quality control inspections, payroll, scheduling, all of the foregoing with minimal manual labor.)." (Compl. ¶ 13.) He further alleged that, in actuality, the majority of his work hours involved "non-administrative manual labor tasks." (*Id*. ¶¶ 17, 19.) He also claimed that he routinely worked hours that were well in excess of forty (40) per week. (*See id*. ¶¶ 22-33.) According to plaintiff, defendant improperly classified his position as exempt, and, therefore, wrongfully deprived him of overtime pay. (*Id.* ¶ 34.) Finally, plaintiff accused defendant of spoliation of evidence. (*Id*. ¶ 62.)

Defendant maintained that plaintiff's duties were primarily managerial in nature and, therefore, he was properly classified as exempt and was not entitled to overtime pay. (Ans. ¶¶ 13, 41.) The parties also disputed the number of hours that plaintiff worked on behalf of defendant. Ultimately, defendant denied that it violated any provision of the FLSA or state wage and hour laws. (*Id*. ¶¶ 44, 54, 59.) The divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the joint motion and the settlement agreement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations

between two parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was in its early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

For all of the foregoing reasons, the Court grants the parties' joint motion and approves the settlement. This case is closed.

**IT IS SO ORDERED**.

Dated: October 29, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**